IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHANNON RYNDERS                                                                                    PLAINTIFF

v.                                            No. 6:16-CV-06002

ARKANSAS DEPARTMENT
OF COMMUNITY CORRECTIONS                                                         DEFENDANT

**OPINION AND ORDER**

Before the Court is Plaintiff Shannon Rynders's motion (Doc. 10) to extent the time for service nunc pro tunc. No brief in support was filed. Defendant Arkansas Department of Community Corrections ("ADCC") has filed a response and brief in support.

Rynders did not serve the ADCC with her complaint until one day after the time for service under Federal Rule of Civil Procedure 4(m) had passed. She does not set out good cause or excusable neglect for her failure to timely serve ADCC. Rynders explains that she timely delivered her complaint to a process server but could not confirm service and had to use another process server. She states that her inability to confirm service with the first process server was the basis for her April 4, 2016 motion (Doc. 5) to enforce and extend time for service (though this is not clear from the face of that motion, which was denied by the Court). In the Court's view these statements lack sufficient detail to show either good cause or excusable neglect for failure to timely serve ADCC.

Moreover, Rynders admits that her Title VII claim is subject to dismissal on the basis that she did not file a timely EEOC charge against ADCC.[1] (Doc. 10, ¶ 2 ("It appears that Plaintiff's

---

[1] ADCC incorrectly identifies this defect as jurisdictional. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Rynders's

1

charge was untimely, so her Title VII claim is due to be dismissed, but Plaintiff may wish to amend her Complaint to assert additional federal causes of action.")).  Rynders's complaint raises two claims—the Title VII claim and a claim under the Arkansas Civil Rights Act ("ACRA").  This Court has supplemental jurisdiction over the ACRA claim under 28 U.S.C. § 1367.  Because Rynders admits that the Title VII claim is subject to dismissal, and because upon dismissing that claim, at this early stage of the litigation the Court in its discretion under 28 U.S.C. § 1367(c)(3) would decline to exercise supplemental jurisdiction over the ACRA claim, granting Rynders's motion to extend the time for service nunc pro tunc would be futile.

Instead, because Rynders concedes that her Title VII claim is subject to dismissal, and because that concession is in response to a defense asserted by ADCC in its answer, the Court sees no reason why it should not dismiss that claim by this order, and then decline to exercise jurisdiction over the ACRA claim and dismiss it as well.

IT IS THEREFORE ORDERED that Plaintiff Shannon Rynders's motion to extend the time for service nunc pro tunc (Doc. 10) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 1st day of July, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

failure to timely file a charge does not deprive this Court of subject matter jurisdiction, but instead opens her claim to Rule 12(b)(6) dismissal.  *See Jessie v. Potter*, 516 F.3d 709, 712–13 (8th Cir. 2008) (noting that post-*Zipes*, this Circuit has applied a Rule 12(b)(6) standard of review to court decisions to dismiss based on failure to timely file an EEOC charge).